

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE HOLLOWAY

                                                                                                 PLAINTIFF

VS.                                     CIVIL ACTION NO.: 3:23cv378-TSL-RPM

GFS TRANSPORT LLC,
GORDON FOOD SERVICE, INC; AND
JOHN/JANE/XYZ DOES 1-10                                    DEFENDANTS

## COMPLAINT

### TRIAL BY JURY REQUESTED

COMES NOW Plaintiff Willie Holloway (hereinafter "Plaintiff"), by and through her attorneys, and files this Complaint against Defendants, GFS Transport LLC, Gordon Food Service, and John/Jane/XYZ DOES in support of the same would show the following:

1.   (a)    Plaintiff is an adult resident of Mississippi;

    (b)    GFS Transport LLC ("Defendant GFS) is a limited liability company authorized under the laws of the State of Michigan, which does business in Mississippi. It can be served with process by serving its Mississippi Agent for Process, Corporation Service Company, at 109 Executive Drive, Suite 3, Madison, MS 39110 or by serving its Michigan Agent for Process, CSC-LAWYERS INCORPORATING SERVICE, 2900 West Road, Suite 500 East, Lansing, Michigan 48823.

    (c)    Gordon Food Service, Inc ("Defendant Gordon") is a Michigan Corporation located at 1300 Gezon Parkway Southwest, Wyoming, Michigan, 49509, which is licensed to do business in Mississippi. It may be served by serving its Mississippi Agent for Process, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, MS 39110.

(d)   Defendants John/Jane/XYZ Does No. 1 through 10 ("Defendants Does") are individuals or entities that caused or contributed to the damages and injuries of Plaintiff. The true name/title and capacity of Defendants John/Jane/XYZ Does No. 1 through 10 are unknown to Plaintiff at this time. Plaintiff sues such Defendants by a fictitious name and will amend this Complaint to show Defendants John/Jane/XYZ Does true name(s)/title(s) and capacity when the same has been ascertained. Said Defendants designated as John/Jane/XYZ Does No. 1 through 10 are legally responsible, along with the other Defendant herein, for the incident referred to in this Complaint which purposely or otherwise wrongly caused the injuries and damages sustained by Plaintiff alleged in this Complaint.

(e)   At all times relevant herein, Defendant GFS was/is a "motor carrier" as defined by 40 CFR 390.5 and its United States Department of Transportation number is 175852.

(f)   Defendant Gordon, at all times relevant herein, was/is a "motor carrier" as defined by 49CFR 390.5

(g)   Defendants GFS and Gordon, at all times relevant herein, were/are the "employer" of Kyle C. Arnold ("Arnold") as defined by 49 CFR 390.5.

(h)   At all times relevant herein, Arnold was an "employee" of Defendants GFS and Gordon as defined by 49 CFR 390.5 and/or alternatively, Arnold was/is an agent, servant, and/or representative of Defendants GFS and Gordon.

(i)   At all times relevant herein, Arnold was operating, as an "employee" of Defendants GFS and Gordon and/or alternative, as their agent or representative, in " interstate commerce" as defined by 49 CFR 390.5, a "tractor-trailer" as defined by 49 CFR 390.5 which was owned, leased, and/or otherwise controlled by Defendants GFS and Gordon.

(j) At all times relevant herein, Arnold was operating, as an "employee" of Defendants GFS and Gordon and/or alternative, as their agent or representative in " interstate commerce," as defined by 49 CFR 390.5, a "trailer" as defined by 49 CFR 390.5 which was owned, leased, and/or otherwise controlled by Defendants GFS and Gordon.

(k) At all times relevant, Defendants GFS and Gordon acted by and through its agent, servant, workman, representative, and/or employee Arnold who was acting in the course and scope of his employment, agency and/or representation, and within the scope of his authority with Defendants GFS and Gordon.

(l) At all times relevant herein, Defendants GFS and Gordon, as "motor carriers" that operated "truck tractors" and "trailers" in "interstate commerce" in the regular course of their business, were subject to and required to obey the Federal Motor Carrier Safety Administration Regulations ("FMCSR") 49 CPR Parts, 40, 325, 350 and 355-399.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 USCS §1332(a).

3. Venue is proper in this Court because the registered Agents for Process of Defendants GFS and Gordon are located in the Southern District of Mississippi, Northern Division.

## FACTS

4. Interstate commercial trucking is subject to extensive federal regulations pursuant to the FMCSR 49 CFR Parts 40, 325, 350, and 355-399. Further, Defendants GFS and Gordon's operation of the "truck tractors" and "trailers" on

January 9, 2019, was subject to the FMCSR.

5. 49 C.F.R. Part 383 sets minimum standards for a driver operating motor vehicles in interstate commerce "to help reduce or prevent truck and bus accidents, fatalities, and injuries by requiring drivers to have a single commercial motor vehicle driver's license and by disqualifying drivers who operate commercial motor vehicles in an unsafe manner." Specifically, 49 CFR 383.111 states the "required knowledge" and 49 CFR 383.113 states the "required skills" that Defendants GFS and Gordon were required to ensure that Arnold and other drivers employed by them to have before and while allowing them to operative "truck tractors" and "trailers" in "interstate commerce.

6. The FMCR also requires every commercial motor vehicle to be operated according to the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

7. On June 14, 2021, at 2:49 a.m., Plaintiff drove a 2012 Volvo Tractor/Semi-Truck northbound on Interstate 65 around the 57.5-mile marker in Horse Cave, Hart County, Kentucky.

8. At some time, Defendants GFS and Gordon, by and through Arnold, were driving behind Plaintiff's vehicle on Interstate 65 North recklessly and grossly negligently, Defendants GFS and Gordon's 2019 Volvo Semi-Trailer Truck\Double at a high rate of speed while distracted and not keeping a proper lookout for other vehicles, and collided into the rear-end of Mr. Holloway's Tractor/Semi-Truck.

9. The collision herein proximately caused serious and permanent bodily injuries to Plaintiff, and it was caused solely by the negligence, carelessness, and recklessness of Defendants GFS and Gordon, by and through Arnold, and was due in no manner whatsoever to act or any failure to act on the part of the Plaintiff.

10. As a direct and proximate result of the collision herein caused solely by the Defendants, Plaintiff sustained severe, painful, and permanent injuries and resulting damages and losses as more fully described below.

## UNLAWFUL, RECKLESS, GROSSLY NEGLIGENT, AND/OR NEGLIGENT ACTS AND/OR OMISSIONS OF DEFENDANTS GFSS AND GORDON BY AND THROUGH ARNOLD

11. Plaintiffs incorporate by reference each and every one of the allegations set above as though fully set forth herein.

12. Defendants GFS and Gordon, by and through Arnold, at all times relevant herein, had the duty to operate the truck tractor and trailer driven by Arnold with reasonable care and reasonable prudence and comply with the motor vehicle statutes of Kentucky, the Rules of the Road, and the FMCSR (49 CFR Parts 383 to 399). Those duties included but were not limited to the following:

    (a) Per 49CFR 383.111(c)(5), performing a proper visual search using proper visual search methods while driving the truck tractor and trailer;

    (b) Per 49CFR 383.111(c)(7), manage the speed of the truck tractor and trailer Defendants were driving;

    (c) Per 49 CFR 383.111(c)(8), maintaining space management while

       driving the truck tractor and trailer using procedures and techniques for controlling the space between the vehicle driven by Defendants and other vehicles on public highways.

(d)      Per 49 CFR §383.111(c)(9), properly prepare and utilize proper procedures for night driving.

(e)      Per 49 CFR §383.111(c)(11), when operating a motor vehicle to employ accurate information regarding hazard perceptions, including recognition of hazards to avoid hazardous situations.

(f)      Act in accordance with and strictly abide by the provisions of the FMCSR (49 CFR Parts 383 to 399) when operating truck tractors and trailers on the public highways of the United States.

(g)      Keeping a proper lookout;

(h)      Keeping the truck tractor and trailer driven by Defendants under free and easy control;

(i)      Drive safely and carefully;

(j)      Operate the truck tractor and trailer driven by Defendants reasonably and prudently;

(k)      Drive the truck tractor and trailer driven by Defendants at an appropriate speed for the existing circumstances;

(l)      Keep a proper distance behind the vehicle directly in front of the tractor truck tractor and trailer driven by Defendant.
;
(m)      Obey the traffic laws of the State of Kentucky and the Rules of the Road; and

(n)      See all objects and persons in plain view and front of the truck tractor and trailer driven by Defendants.

(o)      Per 49 CFR 383.111(c)(12), training their employees about emergency maneuvers and when and how to make emergency maneuvers and thereafter supervise and manage their employees

Page 6 of 20

to ensure that they are making emergency maneuvers and have the knowledge and skills regarding when and how to make emergency maneuvers when operating trucks tractors and trailers in interstate commerce.

13. Defendants GFS and Gordon at all times relevant herein breached their duties set forth in the immediately preceding paragraph before and during the above-described collision herein because Defendants GFS and Gordon, by and through Arnold, committed grossly negligent, careless, reckless, and outrageous conduct before and at the time of the collision consisting of, but was not limited to the following:

(a) Failing to perform a proper visual search using proper visual search methods as required by 49CFR 383.111(c)(5);

(b) Failing to manage the speed of the truck tractor and trailer Defendants were driving as required by 49CFR 383.111(c)(7).

(c) Failing to maintain space management while driving the truck tractor and trailer using procedures and techniques for controlling the space between the truck tractor and trailer driven by Defendants and Plaintiff's vehicle as required by 49 CFR 383.111(c)(8).

(d) Failing to properly prepare and utilize proper procedures for night driving as required by 49 CFR §383.111(c)(9).

(e) Failing during the operation of the truck tractor and trailer to secure and employ proper information on hazard perceptions, including recognition of hazards to avoid hazardous situations as required by 49 CFR §383(c).111.

(f) Failing to operate and control the truck tractor trailer so that they would not become a hazard to persons situated such as Plaintiff;

(g) Failing to regard the presence, safety, and position of Plaintiff;

(h) Failing to properly engage the brakes on his tractor-trailer truck in time to avoid crashing into Plaintiff;

(i) Failing to maintain their tractor-trailer under such control that it could be readily stopped, turned aside, or reduce speed upon the appearance of danger;

(j) Failing to act reasonably and appropriately in response to the existing darkness and no lighting conditions;

(k) Failing to take evasive action to avoid or prevent the crash with Plaintiff's vehicle.

(l) Losing control of the truck tractor and trailer.

(m) Driving too fast for the prevailing darkness and roadway conditions;

(n) Consciously and recklessly following too closely to Plaintiff's vehicle when Defendants GFS and Gordon by and through Arnold knew or should have known that they were unable to control the truck tractor and trailer they were operating during darkness;

(o) Consciously and recklessly operating Defendants' truck tractor and trailer above posted speeds;

(p) Consciously and recklessly driving the truck tractor and trailer;

(q) Failing to abide by Kentucky Motor Vehicles and Traffic Regulations law;

(r) Operating the truck tractor and trailer in violation of the Federal Motor Carrier Safety Administration Regulations governing the operation of commercial motor vehicles on streets and highways;

(s) Engaging in a willful and wanton pattern and practice of disregard for the FMCSR regarding speed limits which placed the motoring public and Plaintiff at risk for serious injury or death;

(t) Negligently operating a dangerous instrumentality when Defendant GFS and Gordon, by and through Arnold, knew or

        should have known that he was incapable of safely and without danger to others the tractor-trailer and trailer involved in the collision herein;

(u)     Being inattentive and failing to maintain a sharp look out of the road and the condition of the surrounding traffic;

(v)     Operating the truck tractor and trailer at an excessive rate of speed under the circumstances;

(w)     Failing to sound the horn or give warning of the approach of the Defendants' truck tractor and trailer before the collision herein.

(x)     Failing to keep Defendants' truck tractor and trailer under proper control to stop them with an assured clear distance ahead of them;

(y)     Driving while distracted;

(z)     Failing to take evasive action;

(aa)     Failing per 49 CFR 383.111(c)(12) to train their employees about emergency maneuvers and when and how to make emergency maneuvers and thereafter failing to supervise and manage the employees to ensure that they are making emergency maneuvers and have the knowledge and skills regarding when and how to make emergency maneuvers when operating trucks tractors and trailers in interstate commerce.

14.     As a direct and proximate result of the negligence, carelessness, recklessness, and outrageous conduct of Defendants GFS and Gordon, by and through Arnold, who was acting within the course and scope of his employment with Defendant GFS and Gordon, Plaintiff received serious and permanently disabling injuries as described hereinafter.

**<u>VICARIOUS LIABILITY OF DEFENDANTS GFS AND GORDON FOR THE UNLAWFUL, RECKLESS, GROSSLY NEGLIGENT, AND/OR NEGLIGENT ACTS AND OMISSIONS OF ARNOLD</u>**

15. Plaintiff incorporates by reference each and every one of the allegations set forth in the above paragraphs herein as though each was fully set forth herein.

16. At all times relevant, Arnold was an employee, agent, servant, and/or representative of Defendants GFS and Gordon, and acting in the furtherance of the business of Defendants GFS and Gordon, and within the scope of his employment, servitude, representation, and/or agency. As a result, Defendants GFS and Gordon are vicariously liable for the above-described unlawful, reckless, grossly negligent, and/or negligent acts and/or omissions of Arnold.

## GROSSLY NEGLIGENT AND RECKLESS ACTS AND/OR OMISSIONS OF DEFENDANTS GFS AND GORDON

17. Plaintiff incorporates by reference each and every allegation set forth in the above paragraphs as though each was fully set forth herein.

18. Defendants GFS and Gordon, at all times relevant herein, had the duty to exercise reasonable care and reasonable prudence; and comply with Federal and State Statutes and Regulations, including, but not limited to, the FMCSR (49 CFR Parts 383 to 399) and the industry standards of an employer that has employees who operate truck tractors and trailers throughout the United States on the public highways by performing actions, including but not limited to the following:

   (a) Per 49 CFR 383.111(c)(5) to train their employees who operate truck tractors and trailers in interstate commerce about the importance of proper visual search and teach them proper visual search methods, and thereafter, supervise and manage their employees to ensure that their employees are performing proper visual searches and using proper visual search methods and techniques when driving truck tractors and trailers in interstate commerce;

(b) Per 49 CFR 383.111(c)(7) to train their employees about the importance of speed management and the effects of speed and afterward supervise and manage their employees to ensure that they are exercising speed management and understand the effects of speed when operating truck tractors and trailers in interstate commerce.

(c) Per 49 CFR 383.111(c)(8) to instruct their employees about space management and the procedures and techniques to control space around truck tractors and trailers and afterward supervise and manage the employees to ensure that they are practicing space management and utilizing the procedures and techniques for controlling space around truck tractors and trailers they are operating in interstate commerce.

(d) Per 49 CFR 383.111(c)(9) to train their employees about night operations and the methods and steps to prepare for and procedures for safe night driving and afterward supervise and manage their employees to ensure that they are engaging in safe night operations and preparing for and using proper and safe procedures for night driving while operating truck tractors and trailers in interstate commerce.

(e) Per 49 CFR 383.111(c)(11) to train their employees about hazard perceptions and the clues and methods for recognition of hazards and afterward supervise and manage their employees to ensure that they are perceiving hazards and utilizing clues and methods for the recognition of hazards when operating truck tractors and trailers in interstate commerce.

(f) Per 49 CFR 383.111(c)(12) to train their employees about emergency maneuvers and when and how to make emergency maneuvers and thereafter supervise and manage the employees to ensure that they are making emergency maneuvers and have the knowledge and skills regarding when and how to make emergency maneuvers when operating truck tractors and trailers in interstate commerce.

(g) Employing employees who are safe drivers;

(h) Screening and investigating applicants for driving positions to only employ reasonably prudent and reasonably careful drivers;

(i) Providing reasonably prudent and reasonably safe initial and remedial training of employees who operate vehicles on the public highways in accordance with industry standards and federal and state statutes and regulations, including but not limited to FMCSR (49 CFR Parts 383 to 399);

(j) Developing, implementing, and enforcing reasonably prudent and reasonably safe driving safety programs and procedures, including but not limited to driver screening, driver training, and driver management programs and policies in accordance with industry standards;

(k) Providing reasonably prudent and reasonably safe supervision and management of employees who drive vehicles on public highways in accordance with industry standards and federal and state statutes and regulations, including the FMCSR (49 CFR Parts 383 to 399);

(l) Abiding by all applicable federal and state statutes and regulations including, but not limited to, the FMCSR (49 CFR Parts 383 to 399) and industry standards as to the operation of owned or operated by Defendant GFS and Gordon; and

(m) Not entrusting a truck tractor and trailer owned or operated by Defendant GFS and Gordon to an employee who is not a safe, lawful driver.

19. Defendant GFS and Gordon acting by and through its agents, servants, representatives, workmen and/or employees, at all times relevant herein, breached its duties set forth in the immediately preceding paragraph before and during the above-described collision herein because Defendants GFS and Gordon committed the following corporate grossly negligent, unlawful, reckless, and/or negligent acts and/or omissions that include, but are not limited to, the following which proximately caused Plaintiff's injuries:

(a) Failing per 49 CFR 383.111(c)(5) to train their employees who operate truck tractors and trailers in interstate commerce about the importance of proper visual search and teach them proper visual search methods, and thereafter, failing to supervise and manage their employees to ensure that their employees are performing proper visual searches and using proper visual search methods and techniques when driving truck tractors and trailers in interstate commerce;

(b) Failing per 49 CFR 383.111(c)(7) to train their employees about the importance of speed management and the effects of speed and, afterward, failing to supervise and manage the employees to ensure that they are exercising speed management and demonstrating an understanding of the effects of speed when operating truck tractors and trailers in interstate commerce.

(c) Failing per 49 CFR 383.111(c)(8) to instruct their employees about space management and the procedures and techniques for controlling space around truck tractors and trailers and afterward not supervising and managing the employees to ensure that they are practicing space management and utilizing the procedures and techniques for controlling space around truck tractors and trailers they are operating in interstate commerce.

(d) Failing per 49 CFR 383.111(c)(9) to train their employees about night operations and the methods and steps to prepare for and use procedures for safe night driving and afterward, not supervising and managing their employees to ensure that they are engaging in safe night operations and preparing for and using proper and safe procedures for night driving while operating truck tractors and trailers in interstate commerce.

(e) Failing per 49 CFR 383.111(c)(11) to train their employees about hazard perceptions and the clues and methods for recognition of hazards and afterward failing to supervise and manage their employees to ensure that they are perceiving hazards and utilizing clues and methods for recognition of hazards when operating truck tractors and trailers in interstate commerce.

(f) Failing per 49 CFR 383.111(c)(12) to train their employees about emergency maneuvers and when and how to make emergency maneuvers and thereafter failing to supervise and manage the employees to ensure that they are making emergency maneuvers

and have the knowledge and skills regarding when and how to make emergency maneuvers when operating trucks tractors and trailers in interstate commerce.

(g) Hiring and/or continuing to employ Arnold even though they knew or should have known that he was not a qualified driver as required by the FMCSR;

(h) Entrusting the motor vehicle to Arnold, whom Defendants knew or should have known was incapable of safely operating it;

(i) Knowingly and recklessly failing to have in place appropriate policies and/or practices to ensure compliance with commercial motor vehicle laws and safety rules, including but not limited to the FMCSR;

(j) Negligently entrusting a truck tractor and trailer to Arnold, whom Defendants knew or should have been known to have propensities for operating a vehicle in violation of the laws and safety rules, including but not limited to the FMCSR;

(k) Failing to provide appropriate training, supervision, and management regarding Arnold;

(l) Failing to have in place appropriate policies to prevent accidents such as the one that occurred with Plaintiff;

(m) Failing to ensure that Arnold was a properly licensed commercial operator and/or safe driver;

(n) Failing to investigate Arnold's driving record properly and other qualifications as required by the FMCSR while allowing him to operate their truck tractor and trailer nonetheless;

(o) Failing to have in place appropriate policies, procedures and/or safeguards to ensure that its employees, agents, servants and/or workers, generally and Arnold in particular, complied with obligations as required by the FMCSR;

(p) Engaging in a willful and wanton pattern and practice of disregard for the enforcement of the FMCSR regarding driver qualifications,

which placed the motoring public and Plaintiff at risk for serious injury or death.

(q) Failing to implement and/or enforce an effective safety system as required by the FMCSR;

(r) Acting with reckless indifference for the rights and safety of Plaintiff and the motor public and/or failure to act when required to act regarding compliance with provisions of the FMCSR, including:

   (i) 49 C.F.R. §392.6 requiring truck tractor operators to comply with local speed limits;

   (ii) failing to train Arnold on the importance of understanding the effects of speed control for traffic conditions as required by 49 C.F.R. §383.111;

   (iii) failing to comply with 49 C.F.R. §392.2, providing that every commercial motor vehicle operating in the State of Kentucky must be operated following the laws, ordinances, and regulations of the State of Kentucky:

   (iv) failing to adhere to 49 C.F.R. 396.7 directive that a commercial motor vehicle shall not be operated in such a condition as to likely cause an accident;

   (v) failing to conduct an annual inquiry and review of Arnold's driving record as required 49 C.F.R. §391.125.

20. As a direct and proximate result of the unlawful, reckless, grossly negligent, and/or negligent acts and/or omissions of Defendants GFS and Gordon acting by and through its agents, servants, workmen and/or employees, Plaintiff suffered severe and disabling injuries as more fully described hereinafter.

### RECKLESS AND GROSSLY NEGLIGENT ENTRUSTMENT OF DEFENDANT GORDON

21. Plaintiff incorporates by reference each and every allegation set forth above as though each was fully set forth herein.

22. Defendant Gordon at all times relevant herein, was the owner of the trailer involved in the collision herein.

23. At all times relevant herein, Defendant Gordon had the duty to make a reasonable and prudent investigation of any motor carriers which it employed and entrusted its trailers to operate in interstate commerce.

24. Defendant Gordon recklessly and grossly negligently failed to perform any investigation and review of the safety record of Defendant GFS before employing Defendant GFS and entrusting to Defendant GFS the trailer of Defendant Gordon to be transported in interstate commerce.

25. As a direct and proximate result of Defendant Gordon's reckless and grossly negligent employment of Defendant GFS and entrustment of the trailer of Defendant Gordon to Defendant GFS, Plaintiff suffered permanent and disabling injuries as more fully set forth hereinafter.

## DAMAGES AND LOSSES

26. Plaintiff incorporates by reference each and every allegation set forth in the above paragraphs as though each was fully set forth herein.

27. As a direct and proximate result of the reckless, grossly negligent, and/or negligent acts and omissions of Defendants GFS and Gordon, Plaintiff suffered bodily injuries and resulting damages including but not limited to the following:

(a) Serious, grievous, painful, and permanent injuries to his back;

(b) Serious, grievous, painful, and permanent injuries to his shoulder;

(c) Serious, grievous, painful, and permanent injuries to his wrist;

(d) Past and future doctor, prescription, and medical bills;

(e) Past and future extreme mental anguish;

(f) Past and future extreme suffering;

(g) Past and future loss of enjoyment of life, since he is unable to engage in, perform as proficiently, and/or enjoy as much, many activities, pastimes, and/or hobbies in which he engaged, performed proficiently, and/or enjoyed before the collision described above;

(h) Past and future extreme pain;

(i) Past and future loss of sleep;

(j) Past and future nursing services;

(k) Past and future transportation expenses to secure medical treatment;

(l) Past and future inconvenience;

(m) Past and future physical impairment;

(n) Past and future humiliation;

(p) Past and future embarrassment;

(q) Past and future income loss;

(r) Past and future loss of wage earning capacity.

28.   As a direct and proximate result of the above-described reckless, grossly negligent, and/or negligent acts and/or omissions conduct of Defendants that caused the painful, serious, and permanent injuries to Plaintiff, Plaintiff has been required to spend in the past and will be required to spend in the future for the necessary medical treatment, to attempt to recover as much as possible, he will spend at least $75,000.00, the actual amount to be shown at the trial in this matter; all of Plaintiff's losses and damages are in an amount to be determined by the Jury at the trial of this case.

## PUNITIVE DAMAGES LIABILITY OF DEFENDANTS

29.   Plaintiff incorporates by reference each and every allegation set forth in the above paragraphs as though each was fully set forth herein.

30.   The aforesaid acts and/or omissions of all Defendants constitute grossly negligent, reckless conduct and wanton disregard for the rights of Plaintiff and other members of the public using the highways and roads of Kentucky and/or constitute such gross negligence and recklessness as to show a total lack of regard as to the rights of Plaintiff and other members of the public utilizing the highways and roads of Kentucky which entitles Plaintiff to recover punitive and exemplary damages against Defendants which Plaintiff requests to be awarded against said Defendants by the Jury in the amount as shown by the evidence herein.

31.   As shown above, Defendants GFS and Gordon, by and through Arnold, engaged in a course of conduct which, under the particular circumstances set forth

above, discloses a reckless indifference to consequences without exerting any substantial effort to avoid them.

32. As shown above, Defendants GFS and Gordon grossly negligently and recklessly ignored, disregarded, and failed to carry out the duties and responsibilities imposed on them by the FMCSR.

WHEREFORE, Plaintiff brings this action and demands judgment of and from the following Defendants as follows:

    (A) Defendant GFS Transport, LLC in the following respects:

        (1) Compensatory damages in an amount to be determined by the Jury at the trial of this case;

        (2) Punitive damages in an amount to be determined by the Jury at the trial of this case;

        (3) Prejudgment interest on the above amounts from June 14, 2021, or such other date that the Court finds appropriate;

        (4) Attorney's Fees; and

        (5) Cost of this action.

    (B) Defendant Gordon Food Services, Inc. in the following respects:

        (4) Compensatory damages in an amount to be determined by the Jury at the trial of this case;

        (5) Punitive damages in an amount to be determined by the Jury at the trial of this case;

        (6) Prejudgment interest on the above amounts from June 14, 2021, or such other date that the Court finds appropriate;

(4) Attorney's Fees; and

(5) Cost of this action.

          RESPECTFULLY SUBMITTED,

          WILLIE HOLLOWAY, PLAINTIFF

          BY: _____
          JOHN L. WALKER (MSB #6883)
          GLORIA J. GREEN (MSB# 4989)
          WALKER GROUP, PC
          1410 LIVINGSTON LANE, SUITE A
          POST OFFICE BOX 22849
          JACKSON, MISSISSIPPI 39225-2849
          PHONE: (601) 948-4589
          FACSIMILE: (601) 354-2507

          ATTORNEYS FOR PLAINTIFF